**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LEO A. MARINO,

                        Plaintiff,

       - v -                                   Civ. No. 8:17-CV-280
                                             (DJS)[1]

NANCY A. BERRYHILL, *Acting Commissioner of Social Security*,[2]

                        Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

LEO A. MARINO
Plaintiff, *Pro Se*
12-A-4360
Franklin Correctional Facility
62 Bare Hill Road
P.O. Box 10
Malone, New York 12953

SOCIAL SECURITY ADMINISTRATION        SERGEI ADEN, ESQ.
Attorney for Defendant
Office of Regional General Counsel
Region II
26 Federal Plaza – Room 3904
New York, New York 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Upon the Plaintiff's consent, the United States's general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 6 & General Order 18.

[2] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this suit.

**MEMORANDUM-DECISION AND ORDER**

## I.  INTRODUCTION

On March 10, 2017, *pro se* Plaintiff Leo A. Marino initiated this action, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying his application for disability benefits.  *See* Dkt. No. 1, Compl.  At that time, he sought, and the Court granted, his Application for *in Forma Pauperis* status.  Dkt. Nos. 2 & 9.  On June 15, 2017, Defendant filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that because Plaintiff failed to exhaust his administrative remedies, the Court lacks subject matter jurisdiction to entertain the action.  Dkt. No. 10.  A response to the Motion was due on July 17, 2017.  To date, Plaintiff has failed to respond to the Motion or in any way communicate with this Court.  Plaintiff's continued inaction in this case could be an indication that he has abandoned his claim for relief.  *See* N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").  However, I need not conjecture on Plaintiff's desire to pursue this matter since I find that, as explained below, Defendant is entitled to the relief sought by her Motion, namely dismissal based on the Court's lack of subject matter jurisdiction.

## II.  DISCUSSION

### A.  Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing FED. R. CIV. P. 12(b)(1)).  Federal courts are "duty bound . . . to address the issue of subject matter jurisdiction at the outset."  *Filetech S.A. v.*

*France Telecom S.A.*, 157 F.3d 922, 929 (2d Cir. 1998). "In resolving the question of jurisdiction,

the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter

jurisdiction has the burden of proving by a preponderance of the evidence that [jurisdiction] exists."

*Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002) (citing *Malik v. Meissner*, 82 F.3d 560, 562

(2d Cir. 1996)); *see also Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v.

Salomon Bros. Int'l Ltd.*, 928 F. Supp. 398, 402 (S.D.N.Y. 1996) ("[T]he Court need not accept as

true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference

to affidavits and other materials outside the pleadings.").

### B.  Exhaustion of Administrative Remedies

Absent Congressional consent to be sued, the United States is immune from suit and federal

courts lack subject matter jurisdiction to entertain the suit. *United States v. Mitchell*, 445 U.S. 535,

538 (1980) (quoted in *Makarova v. United States*, 201 F.3d at 113).  Where the United States waives

sovereign immunity and consents to be sued, the terms of such consent define the court's jurisdiction

to entertain the suit.  *Id.*  In the case at bar, the express Congressional consent to suit can be found

at 42 U.S.C. § 405(g), which authorizes judicial review of cases arising under the Social Security

Act.[3]  Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made
> after a hearing to which he was a party, irrespective of the amount in controversy,
> may obtain a review of such decision by a civil action commenced within sixty days
> after the mailing to him of notice of such decision or within such further time as the
> Commissioner of Social Security may allow.

---

[3] According to the Defendant's Motion, Plaintiff  filed an Application for Supplemental Security Income ("SSI").  The same judicial review provided for in 42 U.S.C. § 405(g) is applicable to SSI cases *via* 42 U.S.C. § 1383(c)(3).  *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

It is clear from this statute that judicial review is only permitted in accordance with the terms

therein:

> The findings and decision of the Commissioner of Social Security after a hearing
> shall be binding upon all individuals who were parties to such hearing. No findings
> of fact or decision of the Commissioner of Social Security shall be reviewed by any
> person, tribunal, or governmental agency except as herein provided. No action
> against the United States, the Commissioner of Social Security, or any officer or
> employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover
> on any claim arising under this subchapter.

42 U.S.C. § 405(h).

The statute conferring subject matter jurisdiction to this Court clearly limits my review to a

particular type of agency action, that being a "final decision of the Secretary made after a hearing[.]"

42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Social Security Regulations

establishes several steps for the administrative review process. 20 C.F.R. § 416.1400. Only upon

completion of theses steps will a final decision be rendered by the Commissioner such that judicial

review can be sought. *Id*. at § 416.1400(b). If a claimant fails to pursue administrative appeal

rights, the administrative determination or decision becomes binding and may foreclose judicial

review. *Id*. ("If you are dissatisfied with [the Commissioner's] decision in the review process, but

do not take the next step within the stated time period, you will lose your right to further

administrative review and your right to judicial review . . . ."); *see also* 20 C.F.R. §§ 416.1405,

416.1421, 416.1455, & 416.1481.

Pursuant to the Regulations, the four step administrative review process is as follows: 1) the

claimant receives an initial determination, 20 C.F.R. § 416.1404; 2) if dissatisfied with this

determination, the claimant may seek reconsideration, 20 C.F.R. § 416.1407; 3) if dissatisfied, the

claimant may request a hearing before an Administrative Law Judge (ALJ), who will issue a written

decision, 20 C.F.R. § 426.1429; and 4) if dissatisfied, the claimant may request that the Appeals

Council review the decision, 20 C.F.R. § 414.1466. The Appeals Council may deny review and allow the ALJ's decision to stand as the final decision of the Commissioner, or may grant review and issue its own decision. 20 C.F.R. § 416.1467. Upon completion of all steps, the claimant will have received a final decision and may pursue judicial review by filing an action in federal court within sixty (60) days after receiving notice of the Appeals Council's action. 20 C.F.R. § 416.1481.

In the case at bar, Defendant asserts that Plaintiff failed to complete all steps of the administrative review process prior to initiating the current federal action. In support of her Motion to Dismiss, Defendant attaches the Declaration of Nancy Chung, Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Dkt. No. 10-2. According to Ms. Chung, Plaintiff filed an Application for benefits under Title XVI of the Social Security Act on May 24, 2010. *Id*. at ¶ 3(a). Subsequently, Plaintiff requested a hearing before an ALJ, who, on September 20, 2013, issued an unfavorable decision. *Id*. at ¶ 3(b). Plaintiff subsequently sought review with the Appeals Council, which was denied on July 2, 2014. *Id*. at ¶ 3(c). Thereafter, Plaintiff filed a complaint with the Northern District of New York, Civ. No. 8:14-CV-1033, and it was determined, on February 5, 2016, that the matter would be remanded back to the Agency for additional proceedings. *Id*. at ¶ 3(d). Pursuant to the Court's Order, the Appeals Council remanded the case back to the ALJ on May 2, 2016, and a hearing was scheduled for November 7, 2016. *Id*. at ¶ 3(f). According to Plaintiff, he learned advised the ALJ assigned to his case that he was incarcerated and was therefore prevented from attending the hearing. Dkt. No. 1 at ¶¶ 5-7. After informing the agency of his incarcerated status, Plaintiff filed this action asserting that he exhausted all his administrative remedies. *Id*. at ¶ 8. However, according to Defendant's Motion, it appears that Plaintiff's hearing

has been postponed, and Plaintiff's case is still pending at the hearing level of the Agency awaiting the scheduling of another hearing. *Id.*

In light of this information, it is clear that Plaintiff has not yet received a "final" decision of the Commissioner. Since no final decision is in existence, this Court lacks the subject matter jurisdiction to entertain this action and accordingly, the claim must be dismissed. *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983) (noting that the Social Security Act establishes a "comprehensive plan for administrative and judicial review of claims for disability benefits[ . . . and in accordance with the statute,] administrative procedures must be exhausted before judicial review is available." (citations omitted)); *Mendez v. Chater*, 1997 WL 278056, at *2 (S.D.N.Y. May 22, 1997) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975) for the proposition that a final decision is a "jurisdictional prerequisite for judicial review").

**WHEREFORE**, after due consideration being given, it is hereby

**ORDERED**, that Defendant's Motion to Dismiss (Dkt. No. 10) is **GRANTED** and this case is **DISMISSED** in accordance with Federal Rule of Civil Procedure 12(b)(1) due to the lack of subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Date: October 6, 2017
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge